## ELBRIDGE G. MORRISON & al. vs. NATHAN FOWLER.

The vendor of goods may be a witness as well to defeat, as to sustain the sale, his interest being a balanced one in either case.

In a suit by the vendee against the vendor of goods on his implied warranty of the title, it would not be a good defence to prove, that the plaintiff had obtained a release from a subsequent purchaser from him ; and therefore such release would not affect the competency of the vendor as a witness.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

Trespass for the taking of an ox, alleged to be the property of

the plaintiffs, by one *Kimball*, a deputy of the defendant, formerly sheriff of the county, on a writ in favor of *Strickland* against *Marsh*, as the property of the latter. The taking of the ox from the possession of the plaintiffs by *Kimball* on a lawful precept against *Marsh* was admitted, and that *Kimball* was a deputy of the defendant.

To prove their title, the plaintiffs called *A. Z. Littlefield*, who was objected to by the defendant, as interested. To prove the interest, *Kimball* having been released by the defendant, was called and testified that at the time of the attachment, one of the plaintiffs told him that they had purchased the ox of *Littlefield & Kerswell*, who must make good the ox to them. *Littlefield* and *Kerswell* were released by the plaintiffs, and then admitted to testify. They stated that they originally signed a note for oxen, of which that in controversy was one, with *Marsh* to *McClure;* that afterwards *Marsh* agreed with them to pay the note and take the oxen, and that the note was paid by them, and the oxen taken into their possession ; and that they sold this to the plaintiffs. The defendant introduced evidence tending to contradict *Littlefield & Kerswell*, and offered *Marsh* as a witness. He was objected to as interested, and excluded by the Judge. The verdict was for the plaintiffs, and the defendant filed exceptions.

*Tenney*, for the defendant, contended, that *Marsh* was a competent witness, and should not have been excluded. It is but the common case of a balanced interest, being liable to *Strickland*, the attaching creditor, or to *Littlefield & Kerswell*, the purchasers of him. 2 *Mass. R.* 106 ; *ib.* 520 ; 13 *Mass. R.* 199 ; 17 *Mass. R.* 197 ; 4 *Johns. R.* 126 ; 3 *Wend.* 386 ; 2 *East*, 458; 7 *T. R.* 480 ; 13 *East*, 177 ; 2 *Caines*, 77 ; 3 *Fairf.* 371 ; 21 *Pick.* 70.

The release of the plaintiffs to *Littlefield & Kerswell* could make no difference. *Marsh* would be equally liable to them, whether they were obliged to pay to the plaintiffs, or could keep the amount themselves.

*Leavitt*, for the plaintiffs, contended, that *Marsh* was directly interested. If the defendants prevail, so much of the debt of *Marsh* to the creditor will be paid, and the plaintiffs can have no

claim on him. The release to *Littlefield & Kerswell* destroys the right of action of the plaintiffs against them and against *Marsh.* *Rice* v. *Austin,* 17 *Mass. R.* 197; *Lothrop* v. *Muzzy,* 5 *Greenl.* 450.

The opinion of the Court was drawn up by

SHEPLEY J. — If *Marsh* testified so as to defeat the title of *Littlefield & Kerswell,* who derived their title from him, he would be liable to them for the value. *Nichols* v. *Patten, ante p.* 231. And if his testimony supported it, his debt to *Strickland* would remain unpaid. His interest was balanced, and he should have been admitted, unless the release from the plaintiffs to *Littlefield & Kerswell* relieved him from his responsibility to them. When a covenant runs with the land a release from the owner to his grantor may operate a discharge to those preceding him. But in contracts for the sale of goods, each seller being responsible only to his purchaser, the relations between them are not affected by any contracts between subsequent parties. In a suit by *Littlefield & Kerswell* v. *Marsh,* on his implied warranty of the title, it would not be a good defence to prove, that they had obtained a release from a subsequent purchaser from them.

*Exceptions sustained and new trial granted.*